Hearing:
December 8, 1988
Wiggins
Paper No. 15

F198

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

In re Conklin Company, Inc.

Serial No. 654,163

Phillip H. Smith, Merchant, Gould, Smith, Edell, Weller & Schmidt
for applicant.

Fred Mandir, Trademark Examining Attorney, Law Office 7
(Lynne Beresford, Managing Attorney).

Before Simms, Seeherman and Quinn, Members.

Opinion by Seeherman, Member:

Conklin Company, Inc. has appealed the Examining
Attorney's refusal to register "GUARDIAN" for "slow release water
soluble nitrogen fertilizer for use as an additive to improve the
utilization of nitrogen in fluid fertilizers for agricultural
use".[1]  Registration was refused pursuant to Section 2(d) of the
Trademark Act, 15 U.S.C. 1052(d), on the basis of registrations
owned by Hiniken Company for "SOIL GUARDIAN" for farm machinery,
namely, soil tillage machinery; mulching machinery and components

_____

[1]  Application Serial No. 654,163, filed April 9, 1987 and
asserting use in commerce as of March 26, 1987.

Ser. No. 654,163

thereof[2] and "SOIL GUARDIAN II" for farm machinery-namely, combined soil tilling and mulching machines and structural components thereof. [3]

It is the Examining Attorney's position that the marks are highly similar and that the goods are closely related. In particular, the Examining Attorney states that applicant's goods and those listed in the cited registrations are companion products, used together by farmers to improve the soil for crop production. He also asserts that farm machines such as tillers (goods which are covered by the cited registrations) are sold together with "farm machines that require the addition of fertilizers in order to function."

We agree with the Examining Attorney that the marks are substantially similar, "GUARDIAN" being the sole element of applicant's mark and the dominant element of the registered marks, in which the descriptive word "SOIL" has been disclaimed and in which the "II" would be perceived as a type designation. However, we also note that "GUARDIAN" has a suggestive connotation for agricultural products, a connotation recognized by other producers of such goods and indicated by three additional registrations

_____

[2] Registration No. 1,003,314, issued January 28, 1975; Section 8 affidavit accepted; Section 15 affidavit received. No claim is made to the exclusive right to use "SOIL" apart from the mark as shown.

[3] Registration No. 1,204,312, issued August 10, 1982; Section 8 affidavit accepted; Section 15 affidavit received. No claim is made to the exclusive right to use "SOIL" apart from the mark as shown.

2

owned by third parties and cited by the Examining Attorney in his first Office action (subsequently withdrawn as references). All of these registered marks contain the word "GUARDIAN" or its foreign equivalent.

Turning to the goods, there is no question that applicant's fertilizer and the machinery identified in the cited registrations are both used for agricultural purposes. However, there is no per se rule that because products are used by the same group--in this case, farmers and others engaged in agriculture, likelihood of confusion is an automatic result. There must be some nexus between the products, such as the way they are marketed or used, that would lead purchasers to conclude that they originated from the same source if they were sold under similar marks.

Applicant argues that agricultural implements or machinery products are normally sold by implement dealers while, in most agricultural or farming areas, fertilizer products are sold by independent fertilizer salesman or by local feed and fertilizer stores. While there is no evidence in the record to support this statement, the Examining Attorney has not disputed it or countered it with evidence to the contrary. Instead, he argues that fertilizer is used with fertilizer disseminating machinery, and that such machinery would be sold with machinery of the type listed in the cited registrations.

We disagree with the Examining Attorney's position. Whether or not consumers might assume a connection between fertilizer and a fertilizer disseminating machine, the farm

3

Ser. No. 654,163

machinery equipment in the registration is tilling and mulching machines. No mention is made in the identification of a fertilizer-spreading function. Given the differences in the goods and their uses, and the suggestive nature of the term "GUARDIAN", as shown by the third-party registrations, we do not think that the relevant consumers are likely to be confused into believing there is a source connection between applicant's goods sold under the trademark "GUARDIAN" and the goods in the cited registrations sold under the marks "SOIL GUARDIAN" and "SOIL GUARDIAN II".

Decision: The refusal to register is reversed.

R. L. Simms

E. J. Seeherman

T. J. Quinn
Members, Trademark
Trial and Appeal Board

1 0 JAN 1989

4